PER CURIAM.
This is a lawyer disciplinary proceeding in which the referee found the respondent, Roger R. Maas, guilty of professional misconduct for neglect of a legal matter and recommended the imposition of a suspension for a fixed period of four months and thereafter until he shall prove rehabilitation, together with restitution to his client in the total amount of $11,300. The respondent has petitioned for review, contending primarily that the discipline is too *292 harsh under the circumstances of this case. We have jurisdiction. Art. V, § 15, Fla. Const.
The respondent was hired as the attorney for an estate. The referee found the respondent “was incompetent to handle that matter” and failed to take any action to represent the estate though repeatedly contacted by the interested parties, resulting in a long delay in closing the estate. In recommending imposition of a four-month suspension, restitution to his client of $11,-300, and the payment of the costs of this proceeding, the referee also took into account that respondent inconvenience caused his client and was apparently going through a very difficult personal period of his life.” The record also reflects that the grievance committee recommended a private reprimand.
Given the circumstances of this case, we find the appropriate discipline should be a public reprimand, restitution to the client in accordance with the referee’s recommendation, a two-year probationary period, and payment of the costs of this proceeding. This discipline is consistent with prior single incident neglect cases, given the mitigating factors in this cause.
Accordingly, we approve the findings of the referee that the respondent be found guilty of the following violations of the Code of Professional Responsibility: * (1) Disciplinary Rule 6-101(A)(l) (handling a legal matter an attorney knows or should know he is incompetent to handle); (2) Disciplinary Rule 6-101(A)(3) (neglect of a legal matter). We publicly reprimand the respondent, Roger R. Maas, and direct that he pay the amount of $11,300 for restitution, in accordance with the referee’s recommendation. We further impose a two-year probationary period, during which time the respondent shall file quarterly reports with the disciplinary staff office of The Florida Bar in Tallahassee, Florida, setting forth the status of all pending cases. The costs of these proceedings are assessed against the respondent and judgment is entered against the respondent, Roger R. Maas, in the amount of $1,791.65, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, SHAW, BARKETT and KOGAN, JJ., concur.
GRIMES, J., concurs in part and dissents in part with an opinion, in which EHRLICH, J., concurs.

Because these proceedings progressed through the filing of the referee’s reports under the former Integration Rule and Code of Professional Responsibility, references herein will be to the former rule and code. See The Florida Bar, re Rules Regulating The Florida Bar, 494 So.2d 977, 978 (Fla.1986).